UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN P. FAZEKAS, | ) | CASE NO. 1:16-cv-1741 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| COMMISSIOINER OF SOCIAL SECURITY, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the parties' amended stipulation, petitioning the Court for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of Four Thousand Two Hundred Dollars and Zero Cents ($4,200.00). (Doc. No. 25 ["Stip."].) According to the stipulation, the parties' agreement regarding attorney fees represents a compromise and settlement of disputed positions, and will fully satisfy all of plaintiff's fees, costs, and expenses under 28 U.S.C. § 2412. (*Id*.) Supporting the stipulation is plaintiff's counsel's EAJA time statement.

For the reasons that follow, the parties' amended stipulation for an award of attorney fees to plaintiff is granted.

**A. Background**

Plaintiff filed this action on July 7, 2016, seeking review of the Commissioner of Social Security's ("Commissioner") denial of his application for social security disability benefits and supplemental security income. (Doc. No. 1.) Subsequently, the parties filed a joint request to

remand the case for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Doc. No. 21.) The joint request was granted, and the Court ordered the case remanded for further proceedings. (Doc. Nos. 22 and 23.)

The stipulation acknowledges that, pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 117 L.Ed.2d 91 (2010), an attorney fee award to plaintiff under the EAJA is subject to offset by any outstanding federal debt owed by plaintiff. (Stip. at 1193-94.[1]) The parties further agree that, to the extent that the attorney fee award payable to plaintiff is not subject to offset by pre-existing debts to the United States, defendant will direct that the award be made payable to plaintiff's counsel pursuant to the attorney fee assignment between plaintiff and his counsel. (*Id*.)

**B. Discussion**

The EAJA requires the government to pay a prevailing social security plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). **"Prevailing party"** status is achieved within the meaning of the statute when a plaintiff succeeds in securing a sentence four remand order. *Shalala v. Schaefer*, 509 U.S. 292, 300-02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993). Plaintiff brought this action for judicial review of the Commissioner's decision and succeeded in securing a sentence four remand for further consideration of his application. Accordingly, the Court finds that plaintiff is a prevailing party for the purposes of the EAJA.

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

Plaintiff's counsel's EAJA time statement indicates that legal services were rendered in this case from July 2016 through December 2016, for a total of 25.8 hours,[2] at a rate of $183.75 hours, for a total amount of $4,740.75. (Doc. No. 25-1.) The parties' stipulation seeks an award of $4,200.00. This amount, divided by the number of hours for legal services rendered before this Court—25.80—results in an hourly rate calculation of $162.79.

The EAJA provides that the amount of an attorney fee award shall be based on prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). The change in the cost of living over the years since the $125 per hour rate was established justifies an increase in the statutory rate. *See Crenshaw v. Commissioner of Social Security*, No. 1:13CV1845, 2014 WL 4388154 at *3 (N.D. Ohio Sept. 5, 2014). The appropriate measure of inflation in this geographic area is the "Midwest Urban" CPI.[3] *Id.* (collecting cases). The Court finds that the parties' stipulated compromise hourly rate of $162.76, considering adjustments for cost-of-living increases since the enactment of the EAJA, is both supportable and reasonable. *See* 28 U.S.C. § 2412(d)(2)(A).

Finally, it is the government's burden under the EAJA to show that its position was substantially justified. *Wilson v. Astrue*, No. 2:10-CV-463, 2011 WL 3664468, at *1 (S.D. Ohio Aug. 19, 2011) (citations omitted). Defendant has made no attempt to demonstrate that the government's denial of plaintiff's disability application was substantially justified, and the Court

---

[2] The number of hours claimed by plaintiff in plaintiff's fee application is not exorbitant. Having examined the statement, and considering plaintiff's successful outcome, the Court concludes that 25.80 hours is reasonable in this case.

[3] CPI is the acronym for Consumer Price Index. The Midwest Urban CPI may be found on the website of the Bureau of Labor Statistics (http://www.bls.gov).

is not aware of any special circumstances in this case that would make an attorney fee award unjust.

Accordingly, the Court awards to plaintiff the stipulated attorney fee in the sum of $4,200.00.

As the parties recognize in their stipulation, EAJA attorney fees are subject to offset to satisfy pre-existing federal debt owed by plaintiff. Payment may be made directly to plaintiff's attorney only if plaintiff owes no debt to the government and plaintiff has assigned any right to EAJA attorney fees to the attorney.[4] *Crenshaw*, 2014 WL 4388154 at *5. The Commissioner is ordered to determine, within 30 days from the date of this Order, whether plaintiff owes a pre-existing debt to the government, to offset any such debt against the award granted herein, and to pay the balance to the plaintiff, or to plaintiff's attorney, in accordance with the provisions of any assignment plaintiff has made with respect to EAJA fees.

**C. Conclusion**

For the reasons set forth herein, the parties' stipulation for an award of EAJA attorney fees pursuant to 28 U.S.C. § 2412 in the amount of $4,200.00 is granted. This amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: January 27, 2017

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**

---

[4] The parties' stipulation attaches an assignment by plaintiff of EAJA attorney fees to counsel. (Doc. No. 25-2.)